Opinion issued January 14, 2010

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00884-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



FREDRICK DWAYNE DYER, Appellant

 

V.

 

TEXAS BOARD OF PARDONS AND PAROLES, Appellee

 

 



On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2008-45006

 

 



MEMORANDUM OPINION

          The
trial court signed an order sustaining the district clerk’s contest to Fredrick
Dyer’s affidavit of indigency.  On
appeal, Dyer requests that we reverse the trial court’s order and allow him to
proceed as indigent in the trial court. 
We dismiss the appeal for want of jurisdiction because the trial court’s
order sustaining the contest to Dyer’s affidavit of indigency is neither final
nor appealable.

Background

On July 24, 2008, Dyer, acting pro
se, petitioned for expunction of an arrest record pursuant to Chapter 55 of the
Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art.
55.01 (Vernon Supp. 2009).  Dyer also filed a declaration of his
inability to pay court costs and requested to proceed as indigent in the trial
court.  The district clerk contested
Dyer’s declaration, and the trial court signed an order sustaining the contest
on October 3, 2008.  The trial court’s
order stated:

IT IS FURTHER ORDERED that the District Clerk of
Harris County shall not proceed to process any further actions or settings on
this case unless and until the Affiant Frederick [sic] Dwayne Dyer pays in full
all filing fees in the amount of $246.00 plus any and all costs incurred in the
process of this case. . . . In the event, the District
Clerk of Harris County does not receive payment for all fees and costs on or
before November 15, 2008, this case shall be dismissed without prejudice.

 

Dyer filed a notice of appeal with
the trial court on October 20, 2008, along with an additional declaration of his
inability to pay appellate costs and fees. 
The district clerk contested this declaration as well, contending that
Dyer’s affidavit did not comply with the requirements of Texas Rule of Appellate
Procedure 20.1.  See Tex. R. App. P.
20.1.  The trial court sustained this
contest on November 7, 2008.  Dyer
eventually paid the appellate court costs and fees.

Discussion

Dyer appeals the trial court’s order
sustaining the district clerk’s contest to his affidavit of indigency in the
trial court proceeding.  He contends that
his affidavit complies with the requirements of Rule 20.1, and thus the trial
court’s order denies him access to the courts and equal protection.[1]  The general rule, with a few exceptions, is
that an appellant can only appeal from a final judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  A judgment is final for the purposes of
appeal if it disposes of all parties and all claims, except as necessary to
carry out the decree.  Id. 
An appellant may appeal an interlocutory order only if authorized by
statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001).  An
order sustaining a contest to an affidavit of indigency is an interlocutory
order not included in the list of orders made appealable by statute.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a) (Vernon 2008).  Since
there is no final judgment in this case and no statutory authorization, we lack
subject-matter jurisdiction over this interlocutory appeal of the trial court’s
order sustaining the district clerk’s contest to Dyer’s affidavit of
indigency.  See Aguilar v. Tex. La Fiesta Auto Sales LLC, No. 01-08-00653-CV,
2009 Tex. App, LEXIS 3883, at *3–4 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.); Gonzales
v. Flores, No. 14-08-00991-CV, 2009 Tex. App. LEXIS 3790, at *1–2 (Tex.
App.—Houston [14th Dist.] Feb. 26, 2009, no pet.).

          On
November 23, 2009, we issued an order informing Dyer of our intent to dismiss
this appeal for want of jurisdiction unless within thirty days he files a response
demonstrating that we have jurisdiction over this appeal.  See
Tex. R. App. P. 42.3(a).  Dyer has filed no response.

Conclusion

The trial court’s order sustaining
the district clerk’s contest to Dyer’s affidavit of indigency is an
interlocutory order that is neither final nor appealable.  We therefore dismiss his appeal for want of
jurisdiction.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1] Dyer mistakenly argues that the relevant rule with
which his affidavit of indigency for the trial court proceeding must comply is
Rule 20.1 of the Texas Rules of Appellate Procedure.  This is the applicable rule for his affidavit
of indigency on appeal.  Rule 145 of the
Texas Rules of Civil Procedure governs the requirements for an affidavit of
indigency in the trial court.  See Tex.
R. Civ. P. 145.